IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-00396-FL

| | | |
|---|---|---|
| AMERICAN PETROLEUM INSTITUTE, and NATIONAL PETROCHEMICAL AND REFINERS ASSOCIATION | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| ROY A. COOPER, III, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, | ) ) ) ) | |
| Defendant. | ) | |

This matter comes before the court upon the parties' joint report and plan filed yesterday, which the court attaches hereto and makes a part of its order for convenience of reference. Where the joint report and plan promotes an appropriate schedule for disposition in light of the current posture of the case, and the issues herein presented, the court ADOPTS the same as its own.

SO ORDERED, this the 16th day of March, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, and NATIONAL PETROCHEMICAL AND REFINERS ASSOCIATION,<br><br>      Plaintiffs,<br><br>v.<br><br>ROY COOPER, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA,<br><br>      Defendant,<br><br>and<br><br>NORTH CAROLINA PETROLEUM AND CONVENIENCE MARKETERS ASSOCIATION,<br><br>      Intervenor-Defendant. | Civil Action No. 5:08-cv-396 |

## JOINT REPORT AND PLAN CONCERNING CASE SCHEDULE

Plaintiffs American Petroleum Institute and National Petroleum and Refiners Association ("Plaintiffs"), Defendant Roy Cooper, Attorney General of the State of North Carolina, and Intervenor-Defendant North Carolina Petroleum and Convenience Marketers Association ("NCPCMA," the latter two sometimes collectively referred to herein as "Defendants"), by and through their undersigned counsel, respectfully submit this Joint Report and Plan pursuant to the Court's Order, dated January 27, 2010 (the "Order").

In compliance with the Order, an in-person meeting of all counsel of record was held on March 4, 2009 at the offices of Womble Carlyle Sandridge & Rice, PLLC, Raleigh, North Carolina 27601 and was attended by:

Pressly M. Millen of the firm of Womble Carlyle Sandridge & Rice, PLLC and Robert A. Long, Jr. and Thomas L. Cubbage III of the firm of Covington & Burling, LLP for Plaintiffs; and

Mark A. Davis of the North Carolina Department of Justice for Defendant Cooper and Harold W. Berry, Jr. of the firm of Hatch Little & Bunn, L.L.P., and Charles F. Marshall, III of the firm of Brooks, Pierce, McLendon, Humphrey & Leonard LLP for Defendant-Intervenor NCPCMA.

At their meeting, counsel for the parties engaged in a frank discussion concerning the parties' interests in providing the Court with an efficient means of finally resolving this matter in a manner which recognizes the current posture of the case after the Court's Order and minimizes the amount of discovery conducted by all parties. In particular, the parties have agreed that standard open-ended discovery as contemplated by Rule 26 of the Federal Rules of Civil Procedure will not serve the goals of efficiency sought by the Case Schedule and Plan proposed herein. Instead, the proposed Case Schedule and Plan seeks to narrow the need for discovery by requiring Plaintiffs, in the first instance, to come forward at an early stage with their case-in-chief (*see* ¶ 1, *infra*) so that Defendants may thereafter engage in focused discovery concerning Plaintiffs' case.

To that end, the parties jointly propose to the Court the following Case Schedule and Plan:

1.  By **June 1, 2010**, Counsel for Plaintiffs will provide Counsel for Defendants with the following information:

    a.  A list of proposed remaining claims/issues for resolution;

    b.  An identification of witnesses expected to testify at trial, including:

i. name, address and curriculum vitae (and, in the case of any expert subject to Rule 26(a)(2), Fed.R.Civ.P., all disclosures required by Rule 26(a)(2)(B)); and

ii. a description of the topics and principal substance of each witness's expected testimony at trial;

c. All documents expected to be introduced by Plaintiffs as exhibits at trial.

2. By **June 15, 2010**, counsel for the parties will again confer based upon the materials provided pursuant to ¶ 1, *supra*, and report to the Court concerning the following:

a. The parties' agreed list of claims/issues remaining for resolution;

b. Any party's list of potential claims/issues remaining for resolution as to which there is no agreement;

c. A date (expected to allow a period of between 90-180 days) by which Defendants will complete their discovery regarding Plaintiffs' trial evidence, as described in ¶¶ 1 b. & c., *supra*;

d. A date (within the period described in ¶ 2 c., *supra*) by which Counsel for Defendants will provide Counsel for Plaintiffs with Defendants' proposed trial evidence as described in ¶¶ 1 b. & c., *supra*;

e. A date (expected to allow a period of no more than 60 days after the deadline established in ¶ 2 c., *supra*) by which Plaintiffs will complete their discovery regarding Defendants' trial evidence as described in ¶ 2 d., *supra*;

f.  The parties' agreement (or the parties' positions if no agreement can be reached) concerning whether any further summary judgment motion practice is warranted; and

g.  A request that, in the event any issues remain for trial, a trial (which should take no longer than three trial days) be set no earlier than 60 days after the Court has ruled on the parties' motions for summary judgment.

3.  In undertaking the above-referenced discovery schedule, the parties intend to continue to work together to promote the quick and efficient resolution of this matter, including, to the degree possible, agreement regarding stipulated facts which may be presented to the Court in connection with any trial.

4.  The parties recognize that the procedure outlined above differs from the standard discovery plan as contemplated by Rule 26 of the Federal Rules of Civil Procedure. For that reason, the parties suggest that to the extent the Court has any questions concerning the foregoing, the parties would be willing to confer with the Court at the Court's convenience.

Respectfully submitted this 15th day of March, 2010.

| | |
|---|---|
| Robert A. Long, Jr. | /s/ Pressly M. Millen |
| Thomas L. Cubbage III | Burley B. Mitchell, Jr., NCSB No.: 3040 |
| Covington & Burling LLP | Pressly M. Millen, NCSB No.: 16178 |
| 1201 Pennsylvania Avenue, N.W. | Womble Carlyle Sandridge & Rice, PLLC |
| Washington, DC 20004-2401 | 150 Fayetteville St., Suite 2100 |
| Telephone: (202) 662-6000 | Raleigh, NC 27602 |
| Facsimile: (202) 662-6291 (fax) | Telephone: (919) 755-2135 |
| | Facsimile: (919) 755-6067 |
| | E-mail: pmillen@wcsr.com |
| | E-mail: bmitchell@wcsr.com |

*Attorneys for Plaintiffs American Petroleum Institute and National Petrochemical And Refiners Association*

ROY COOPER
ATTORNEY GENERAL

/s/ Mark A. Davis
Mark A. Davis
Special Deputy Attorney General
State Bar No. 18142
E-mail: mdavis@ncdoj.gov

*Attorney for Defendant*
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763

/s/ Charles F. Marshall
Charles F. Marshall
State Bar No. 23297
Julia C. Ambrose
State Bar No. 37534
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD
Post Office Box 1800
Raleigh, NC 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304

Harold W. Berry, Jr.
State Bar No. 317
A. Bartlett White
State Bar No. 1014
HATCH, LITTLE AND BUNN, L.L.P.
Post Office Box 527
Raleigh, North Carolina 27602
Telephone: (919) 856-3977
Facsimile: (919) 857-3977

*Attorneys for the North Carolina Petroleum and Convenience Marketers Association*