IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-396-FL

| | | |
|---|---|---|
| AMERICAN PETROLEUM INSTITUTE, and AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS ASSOCIATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ROY A. COOPER, III, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, | ) ) ) ) | ORDER |
| Defendant, | ) ) | |
| and | ) ) | |
| NORTH CAROLINA PETROLEUM AND CONVENIENCE MARKETERS ASSOCIATION, | ) ) ) ) | |
| Intervenor-Defendant. | ) | |

This matter comes before the court on defendants' motion to seal and those portions of the plaintiffs' motion to seal (DE 123, 128) previously held in abeyance by order entered August 11, 2014, and on the parties' response (DE 156) to the court's August 12, 2014, order. Issues raised are ripe for ruling.

In their motion to seal, defendants seek to seal the cover sheet of an internal report prepared by Chevron ("the Chevron Report"), (DE 120), Theodore Hick's deposition testimony discussing how the Chevron Report was prepared (DE 121), and Dr. Karen Jenni's deposition testimony

discussing her qualifications and how the Chevron Report was prepared (DE 122). In the remaining portion of plaintiffs' motion to seal, they seek to seal the Chevron Report (DE 127). In the parties' later-filed joint report (DE 147), however, neither side requested that the Chevron Report be sealed in connection with its admission at trial as exhibit no. 116, nor did they request that a related internal Chevron presentation, admitted at trial as exhibit no. 181, be sealed. Public filing of these exhibits would seem to moot the parties' motions to seal. Accordingly, out of an abundance of caution, in its August 11, 2014, order, the court held in abeyance ruling on the motions to seal where they regard the Chevron Report and related materials and provisionally ordered sealed trial exhibit nos. 116 and 181. The parties were given the opportunity to respond to show good cause as to why the court should not deny the motions to seal as moot in whole or in any remaining part, and as to why the provisional seal of exhibit nos. 116 and 181 should be continued.

Plaintiffs have responded (DE 157) requesting that these trial exhibits remain under seal, and the court finds good cause to grant this request. The court notes that the Chevron Report contains sensitive information such as the capital costs of certain improvements, operating costs, and risk-related costs to Chevron, as well as other projected financial information. Moreover, the court's post-trial order did not depend upon the substantive content of the Chevron Report. Thus, the court finds that sealing this report, and the related presentation, is necessary "to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court of California, Riverside Cnty., 464 U.S. 501, 510 (1984). Accordingly the court DIRECTS the clerk to maintain exhibit nos. 116 and 181 under seal. The court further GRANTS in remaining part plaintiff's motion to seal (DE 128) and DIRECTS the clerk to maintain DE 127 under seal.

As to defendant's motion to seal, the court finds that it is not necessary to seal only the cover

2

Case 5:08-cv-00396-FL   Document 158   Filed 08/28/14   Page 2 of 3

page of the Chevron Report as filed at DE 120, where it contains no sensitive information. As to the deposition testimony of Hick and Jenni as filed at DE 121 and 122, much of that testimony relates to matters that do not require sealing, and much of that testimony was reiterated at trial. However, where certain internal error rates and risks not specifically testified to at trial are referred to in this deposition testimony, the court finds good cause to GRANT IN PART defendants' motion to seal these documents (DE 123). The clerk is DIRECTED to unseal DE 120, but to maintain DE 121 and 122 under seal, and defendants are DIRECTED to file redacted copies of DE 121 and 122 within ten (10) days of entry of this order.

Finally, where the court's August 12, 2014, order made reference to various sealed material, the court provisionally sealed said order. The court therein instructed the parties to jointly respond, either with their consent to the unsealing of that order, or by returning to the court by U.S. Mail, addressed to the case manager, a copy of that order jointly marked to reflect any perceived necessary redactions. The parties have responded (DE 156), informing that they consent to the unsealing of that order. The court therefore ORDERS unsealed its August 12, 2014, order. Where no matters remain pending, the clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge