IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-396-FL

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, and AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ROY A. COOPER, III ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA,<br><br>Defendant,<br><br>and<br><br>NORTH CAROLINA PETROLEUM AND CONVENIENCE MARKETERS ASSOCIATION,<br><br>Intervenor-Defendant. | **ORDER ON BILL OF COSTS** |

This matter is before the undersigned on the bill of costs filed by defendants North Carolina Petroleum and Convenience Marketers Association [D.E. 161] and the amended bill of costs of Roy A. Cooper, III, Attorney General of the State of North Carolina ("Attorney General") [D.E. 165]. American Petroleum Institute and American Fuel & Petrochemical Manufacturers Association ("plaintiffs") did not respond, and the matter is ripe for determination.

On August 13, 2014, the court summarized the history of this action and ordered that judgment be entered in favor of defendants [D.E. 155]. On August 28, 2014, the clerk entered judgment in defendants' favor in accordance with the court's August 13, 2014 order [D.E. 159]. On

September 11, 2014, defendants timely filed motions for bill of costs [D.E. 161, 162], and on April 21, 2015, the Attorney General filed an amended bill of costs [D.E. 165]. Plaintiffs did not object.

Defendants seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D [D.E. 248], 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished).

I. **North Carolina Petroleum and Convenience Marketers Association's Bill of Costs [D.E. 161]**

Defendant requests $9,962.97 in total costs associated with deposition and court transcripts, witness fees, and making copies.

First, defendant asks that $8,932.40 be taxed against plaintiffs for fees associated with depositions and a court transcript [D.E. 161, 161-1]. In support of its request, defendant itemized the transcript costs and provided copies of the court reporter invoices [D.E. 161-1]. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). In addition to permissible costs, the court reporter invoices included charges for fees that are not taxable. "The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for

the original transcript of the deposition[.]" Local Civil Rule 54.1(c)(1)(a). Thus, $8,566.10 in the costs incident to the depositions and court transcript are allowed.

In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has denied fees for copies of exhibits, read and sign, rough drafts, litigation support packages, ASCII, shipping, handling, and expedited processing. See, e.g., Nwaebube v. Employment Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (unpublished) (disallowing costs of exhibit copies); Parish v. Siemens Med. Solutions USA, Inc., No. 5:08-CV-622-BR, 2011 WL 1098966, at *2 (E.D.N.C. Mar. 15, 2011) (unpublished) (disallowing costs for condensed transcripts, a word index, and a litigation support-disk); Hexion v. Specialty Chemicals, Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (unpublished) (denying costs for shipping and postage); Fulmore v. United Parcel Service, Inc., 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 8, 2013) (unpublished) (disallowing costs for expedited transcript). Defendants' court reporter invoices included $366.20 in non-taxable costs for exhibit copies, postage and handling, scanning exhibits, color laser copies, and litigation support packages. Accordingly, those costs are disallowed.

Next, defendant seeks $309.66 in attendance and mileage fees for witnesses Judson Pope and Edward Holmes [D.E. 161, 161-3]. Attendance, subsistence, and mileage fees for certain witnesses are permissible under 28 U.S.C. § 1920(3). "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). Mileage expenses of a witness also may be taxed under 28 U.S.C. § 1821(c). Thus, defendant is awarded $309.66 in costs for the attendance and mileage fees of Mr. Pope and Mr. Holmes.

Third, defendant asks for the costs of making copies of documents necessarily obtained for

use in the case [D.E. 161, 161-2]. Defendant attached a $2,810.13 invoice for document reproduction and indicated that $720.91 represents its portion of that expense. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (unpublished) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (unpublished) (citing Bd. of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). Here, defendant states that the copy expense was incurred in the preparation of trial exhibit notebooks [D.E. 161-2], and plaintiffs did not assert otherwise. Accordingly, copy costs in the amount of $720.91 were necessarily incurred by defendant in this case and are taxed against plaintiffs.

In sum, North Carolina Petroleum and Convenience Marketers Association's application for fees is allowed in the amount of $9,030.57 [D.E. 161]. The costs will be included in the judgment and taxed against plaintiffs. Costs in the amount of $366.20 are disallowed.

II. **Roy A. Cooper, III, Attorney General of the State of North Carolina's Amended Bill of Costs [D.E. 165]**

The Attorney General's amended bill of costs solely requests $7,171.20 in transcript fees [D.E. 165, 165-1]. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). The Attorney General's request did not include any non-taxable costs. Thus, the Attorney General, as a prevailing party, is awarded

4

costs in the amount of $7,171.20 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

## CONCLUSION

For the reasons stated, defendant North Carolina Petroleum and Convenience Marketers Association's bill of costs is allowed in the amount of $9,596.67 and disallowed in the amount of $366.20 [D.E. 161]. Defendant Roy A. Cooper, III, Attorney General of the State of North Carolina's amended bill of costs is allowed in the amount of $7,171.20 [D.E. 165]. Defendants' costs are awarded under Fed. R. Civ. P. 54, Local Civil Rule 54.1, and 28 U.S.C. § 1920 and shall be included in the judgment against plaintiffs.

SO ORDERED. This 4th day of May 2015.

*Julie Richards Johnston*
Julie Richards Johnston, Clerk of Court